UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME M. RODELO, | NO. CV 04-2825-MAN |
| Plaintiff, | |
| v. | ORDER GRANTING IN PART MOTION FOR AWARD OF EAJA FEES |
| MICHAEL J. ASTRUE,[1] Commissioner of the Social Security Administration, | |
| Defendant. | |

On December 20, 2006, plaintiff filed a Motion for Award of Attorney Fees Under the Equal Access to Justice Act ("Motion"), after judgment was entered on September 29, 2006, remanding the case for additional administrative proceedings pursuant to the provisions of sentence four of 42 U.S.C. Section 405(g). Plaintiff seeks an award in the amount of $3,436.02, which represents 21 hours of work expended before this Court at a rate of $163.62 per hour. On January 10, 2007, defendant filed an Opposition to the Motion. Plaintiff filed a Reply on January 18, 2007.

---

[1] Michael J. Astrue became the Commissioner of the Social Security Administration on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he is substituted in place of former Commissioner Jo Anne B. Barnhart as the defendant in this action.

Having considered the Motion, Opposition, and Reply, as well as the records and pleadings on file herein, the Court finds that the remand of plaintiff's claim for a new administrative hearing constitutes a favorable decision for plaintiff and that the Commissioner's position was not substantially justified. Accordingly, the Court finds that plaintiff is entitled to an award of reasonable attorney's fees.

**DISCUSSION**

A. <u>Plaintiff Is Entitled To Attorney's Fees As The Prevailing Party, And The Government's Position Was Not Substantially Justified</u>.

The Equal Access to Justice Act ("EAJA") provides that a Court may award reasonable attorney's fees and expenses to the prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In <u>Flores v. Shalala</u>, 49 F.3d 562, 569 (9th Cir. 1995), the Ninth Circuit found the plaintiff to be the "prevailing party" and outlined a "reasonableness standard" for determining whether the government's position was "substantially justified" for purposes of the EAJA.

Relying on the Supreme Court's decision in <u>Shalala v. Shaefer</u>, 509 U.S. 292 (1993), the Ninth Circuit, in <u>Flores</u>, opined that "an applicant for benefits becomes the prevailing party upon procuring a sentence-four remand for further administrative proceedings, regardless of whether he later succeeds in obtaining the requested benefits." 49 F.3d. at 568.

The Ninth Circuit found that Flores was the "prevailing party" in view of the district court's sentence-four remand with instructions that limitations not previously included in the hypothetical posed to the testifying vocational expert be considered. *Id*. at 569.

After finding that Flores was the "prevailing party," the Ninth Circuit examined whether he was entitled to attorney's fees. Flores had submitted a vocational evaluation report from a Testing, Evaluation and Management Work Evaluation Center ("TEAM report"), which assessed his aptitudes, interests and prospects for future employment. Flores, 49 F.3d at 564. The TEAM report concluded, among other things, that Flores had cognitive limitations. *Id*. at 566. The district court concluded that remand for further administrative proceedings was required, because in questioning the vocational expert who testified at the administrative hearing, the ALJ did not make any reference to the TEAM report and did not take into account Flores' documented limitations as detailed in that report. In assessing the issue of whether there was "substantial justification" for defendant's position, the Court applied a "reasonableness standard," which imposed upon the government the burden of establishing that its conduct was reasonable "both in law and fact." *Id*. at 569-70. The Ninth Circuit concluded that defendant's "decision to oppose Flores' request for remand was not substantially justified," because the ALJ "ignored the TEAM report both in posing questions to the vocational expert . . . and in his final decision." *Id*. at 570.

In the instant case, as in Flores, judgment was entered in favor of plaintiff, remanding the case for further administrative proceedings

3

pursuant to sentence four, due to various errors committed by the ALJ.[2] The Court found that the ALJ's residual functional capacity conclusion and his findings regarding plaintiff's subjective pain and symptom testimony were neither supported by substantial evidence nor free from legal error. Accordingly, the Court ordered that the findings regarding plaintiff's physical limitations be re-evaluated on remand, and that the ALJ seek the testimony of a vocational expert if it were determined that plaintiff had non-exertional limitations. (Memorandum Opinion and Order of September 29, 2006, pp. 10-19, 20-27.) As the ALJ misstated competent evidence in the record to justify his residual functional capacity conclusion, and rejected plaintiff's subjective pain testimony without setting forth legally sufficient reasons for doing so, defendant's decision to oppose plaintiff's request for remand was not "substantially justified." Flores, 49 F.3d. at 570. Accordingly, because the government was not substantially justified in opposing remand, the Court concludes that plaintiff, as the prevailing party, is entitled to an award of EAJA fees in this case.

In compliance with 28 U.S.C. § 2412(d)(1)(B), plaintiff's attorney has provided an itemized statement of fees that plaintiff seeks to recover, which includes the rate at which the fees were computed. Based on the record before it, the Court finds that the hourly rate of $163.62

---

[2] In arguing that the Commissioner's position was "substantially justified" in this case, defendant takes issue with certain conclusions set forth in the undersigned Magistrate Judge's Memorandum Opinion and Order, which ultimately led to the remand of this case pursuant to sentence four of 42 U.S.C. § 405(g). While the government's position may have been substantially justified as to the first issue regarding jurisdiction, the government was not substantially justified in opposing the remand with respect to the residual functional capacity and credibility issues.

1  sought by plaintiff's counsel is appropriate.[3]  However, the Court finds
2  that the number of hours for which counsel seeks reimbursement, *i.e.*, 21
3  hours, is excessive.

5     In particular, the Court notes that a number of billing entries
6  relate to services that are essentially clerical in nature and should
7  not warrant the attention of a highly-skilled attorney.  For example,
8  counsel bills a total of 1.5 hours of attorney time for merely receiving
9  documents and calendaring dates.  (Motion at 6-7.)  In addition, and
10 although the Court notes the extensiveness of its Memorandum Opinion and
11 Order, it appears that counsel's time billed for reviewing the Order,
12 *i.e.*, 2 hours, is excessive.  (*Id.* at 8.)  Therefore, the Court reduces
13 the total hours expended for which counsel seeks reimbursement to 18.5
14 hours.

16    Accordingly, plaintiff's motion for EAJA fees is GRANTED IN PART.
17 IT IS ORDERED that plaintiff's counsel be awarded fees in the amount of
18 $3,026.95 (18.5 hours x $163.62) pursuant to 28 U.S.C. § 2412.

20 DATED: June 23, 2009

                                          /s/
                                     MARGARET A. NAGLE
                            UNITED STATES MAGISTRATE JUDGE

---

[3]    Defendant does not object to the requested hourly rate.